PER CURIAM.
This matter is before the Court on respondent’s Petition for Leave to Resign, pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The Florida Bar filed its response stating:
1. Petitioner submitted his petition for leave to resign permanently dated December 10, 1984. Petitioner was suspended indefinitely by this Court on December 22, 1977, in The Florida Bar v. Breed, 353 So.2d 846 (Fla.1977). That suspension issued pursuant to Rule 11.-10(5) which is now 11.10(6) of article XI of the Integration Rule. Petitioner was ultimately suspended for three years with proof of rehabilitation required by order dated November 29, 1979 on the underlying facts which gave rise to the earlier suspension in The Florida Bar v. Breed, 378 So.2d 783 (Fla.1979).
2. Recently two letters of complaint were forwarded to the Tenth Judicial Circuit Grievance Committee being Case No. 1085C22 which has been resolved with a finding of no probable cause and 1085C02. The latter was based on an allegation in 1984 by Elsie Mayhew, who is approximately eighty years old, that the petitioner purportedly undertook a long range plan subsequent to his suspension to defraud her of her assets. He became her chauffeur and bookkeeper or investment counselor. While acting as her investment counselor, he apparently undertook to divest her of her assets. The investigation indicates he established some joint accounts in both their names with rights of survivorship, arranged a power of attorney from her to his wife and otherwise handled her financial affairs and records. Several of the investment accounts he had her establish were at banks scattered throughout central Florida to which he and Ms. Mayhew would make periodic trips. He was paid for his services by money sent to a corporation or cash. According to Ms. May-hew he would not accept a check payable to himself. Further allegations indicate he attempted to intimidate her on several occasions into doing what he wanted, would not allow her to review her investment accounts, wanted her to sell her home to him through his wife’s trailer park and give her property to his children. Ms. Mayhew indicates that the existence of the power of attorney to his wife kept her from rebelling earlier. In any event, the matters have been corrected through the assistance of an Illinois *32 attorney. The Bar investigation was proceeding toward a probable cause hearing at the Tenth Judicial Circuit Grievance Committee when petitioner’s petition for leave to resign permanently was received.
3. The Board of Governors of The Florida Bar considered the petition at their January, 1985 meeting, and voted to support same so long as the moneys which are the subject of the petition by Charlotte N. Breed filed in this Court in Case 52,816 with this petition are utilized as stated in paragraph one of this petition to pay his disciplinary costs owed to The Florida Bar which now are in excess of $5,570.55. The Bar indicated that this would be very appropriate in its amended response dated December 19,1984, to the Charlotte Breed petition in Case 52,816 and reiterates it here.
4. Acceptance of the petition granting respondent leave to resign permanently, with the condition the Bar costs be first paid from the moneys to be released as indicated in paragraph one of this petition should be allowed. Granting the petition will not adversely affect the public interest nor will it affect the purity of the Courts nor hinder the administration of justice. Granting the petition will also enhance the confidence of the public in the legal profession. Finally, in granting this petition, the Court should publish a public opinion stating succinctly the reasons therefor as indicated in Fla. Bar Integr. Rule, article XI, Rule 11.12(2).
Having carefully reviewed the petition and the Court having determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign permanently'is hereby approved effective immediately on the terms and conditions set forth in The Florida Bar’s response.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.